HELEN D. ANDREWS *vs.* LORRAINE DANCE STUDIOS, INC.

APRIL 5, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a petition for the reclamation of personal property in the hands and possession of the permanent receiver of the respondent corporation. The petition brought by International Dance Studios of Boston, Inc. was heard by a justice of the superior court, who thereafter gave decision for the permanent receiver and dismissed the petition. On February 27, 1962 a decree was entered in the superior court denying and dismissing the petition, and from that decree the petitioner has prosecuted its appeal to this court.

It appears from the record that on November 1, 1961 Lorraine Dance Studios, Inc., the respondent corporation, hereinafter referred to as Lorraine, was placed in receivership by the superior court pursuant to a prayer therefor contained in a bill of complaint in which Helen D. Andrews was the complainant. Thereafter, on November 16, 1961, a permanent receiver was appointed. Prior to this time it

appears that Lorraine had been conducting its business at 365 Westminster street in Providence under the name of International Dance Studios, Inc. It further appears that the complainant on August 21, 1961 in a letter addressed to International Dance Studios, Inc. at 365 Westminster street made demand for certain monies in its possession that she claimed were owned by her. Thereafter, on September 15, 1961, the complainant made the same demand in an identical letter sent to Lorraine Dance Studios, Inc. at the Westminster street address.

It appears from uncontradicted testimony that on September 23, 1961 International Dance Studios of Boston, Inc., hereinatfer referred to as International, informed Lorraine that because of defaults in payments of its franchise fees to International the latter corporation was invoking the cancellation clause in the franchise and revoking Lorraine's permission to use the name International. At the same time International made a demand for the surrender of all dance enrollment contracts held by Lorraine. There is further testimony that after a conference by officers of these corporations it was agreed that Lorraine would be permitted to continue the use of the name International in consideration of a payment of part of the overdue franchise fees. This payment, it was agreed, was to be in the amount of $500, which funds were to be obtained by Lorraine through the sale of certain furniture and furnishings to International at that price.

Pursuant to this agreement Lorraine on September 28, 1961 executed a bill of sale covering the personal property that is the subject matter of the instant petition for reclamation. The bill purported to convey this property to International, and it is not disputed that while the bill of sale was delivered to International, the property it purported to convey was retained by Lorraine at the Providence address. It further appears that thereafter a check in the amount of

$500 was executed by International and made payable to Lorraine. This check was delivered to an officer of Lorraine, who endorsed it and returned it to International.

The trial justice found that the purported conveyance was intended to defraud creditors of Lorraine and denied the petition for reclamation. Under the provisions of G. L. 1956, §6-16-1, a transaction that operates to hinder or defraud creditors is null and void. It appears from an examination of the decision that the trial justice made certain findings of fact which were unnecessary to the decision. It appears that he found, in substance, that Lorraine was a wholly owned subsidiary, branch, or agent of International, that the retention of the furniture by the vendor rendered the transaction fraudulent, and that the transaction was, in substance, a wash transaction.

The petitioner contends that it was error to deny and dismiss the petition for reclamation inasmuch as the transaction here under consideration did not operate to hinder or defraud creditors of Lorraine and hence cannot be held to have been within the purview of the statute. In support of this argument petitioner attacks the validity of several of the findings made by the trial justice that were not relevant to the controlling issue. The rather obvious purpose of this attack is to establish that the decision was predicated upon conclusions drawn by the trial justice which were not warranted by the evidence. This argument confers upon such irrelevant findings of fact a significance as to the validity of the decision that, in our opinion, is not warranted. It is well settled that this court ordinarily will not reverse a decision of a trial justice even where it appears that such decision posits irrelevant reasoning if in fact the decision is warranted on evidence which appears in the record. *Del Greco* v. *Del Greco*, 87 R. I. 435, 443; *Tormey* v. *Cassidy*, 69 R. I. 302.

In the instant case the controlling issue is whether the

transaction involving the purported sale of the furniture by Lorraine to International was fraudulent and void under §6-16-1 because it operated to hinder and defraud creditors of Lorraine. The permanent receiver challenged the right of International to reclaim the furniture on the ground that the transaction did hinder and defraud creditors of Lorraine. He contended at the trial that the retention of possession by the vendor of the furniture after the purported sale thereof gave rise to a strong presumption that the transaction was fraudulent.

It is well settled in this jurisdiction that the retention of possession of property by the vendor thereof constitutes presumptive evidence of fraud in the transaction under consideration. *Bonci* v. *McGovern,* 53 R. I. 315; *Mead* v. *Gardiner,* 13 R. I. 257. In *Harris* v. *Chaffee,* 17 R. I. 193, this court said at page 193: "* * * the retention of personal property by a vendor, after a sale or what purports to have been such, affords, as against creditors, a strong but not conclusive presumption of fraud." Pursuant to this contention the permanent receiver argued that the presumption thus raised was strengthened by the conceded precarious financial condition of Lorraine at the time of the purported sale.

It is clear from the record that petitioner recognized the precise issue at trial here. It clearly undertook the burden of proceeding with evidence that would tend to rebut the presumption of fraud raised by the contentions of the permanent receiver. Relevant evidence was adduced on this issue by petitioner for the purpose of establishing that the conveyance of the furniture had been made for an adequate consideration and that the retention by Lorraine in effect constituted a loan of the furniture to Lorraine for the purpose of continuing its operations. This is pursuant to the generally recognized rule that a showing that there was adequate consideration for the sale of property retained by a vendor tends to rebut the presumption of fraud that arises

from its retention. In brief, it is clear from the record that the parties tried this case on the issue of the fraudulent character of the conveyance of the furniture to International.

This is a situation then in which a trial justice reached a decision on an issue with respect to which the evidence was conflicting. It is our well-settled rule that when a trial justice reaches a decision on conflicting evidence, that decision will be given substantial weight by this court and will not be disturbed unless it is clearly wrong. *Sal's Furniture Co. v. Peterson,* 86 R. I. 203, 207. The instant case is also one in which the question of credibility is important, and this is particularly so with respect to testimony given by officers of the corporations. That being so, the trial justice had an advantage which we do not have, namely, the opportunity to hear and observe these witnesses as they testified.

It is our opinion that the petitioner has not established that the trial justice in reaching his decision either overlooked or misconceived evidence material to the controlling issue, and in such circumstances we cannot say that he was clearly wrong. The petitioner's contention that certain findings of the trial justice which were neither pertinent nor relevant to the controlling issue are indicative of a misconception on his part of material evidence is without merit. These findings were obviously in the nature of surplusage and are without significance as to the validity of the decision rendered on the controlling issue.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner International Dance Studios of Boston, Inc.

*Abedon, Michaelson and Stanzler, Julius C. Michaelson* of Counsel, for Receiver.